UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GILBERT A. LEBLANC,

        Plaintiff,

v.                                                             Case No. 16-C-302

DAVID BETH, et al,

        Defendant.

## ORDER DENYING PETITION FOR HABEAS CORPUS

      Gilbert A. LeBlanc filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of his continued detention without bail pending the completion of removal proceedings. He is currently being held in the Kenosha County Immigration Detention Facility. For the reasons that follow, LeBlanc's petition must be denied.

      LeBlanc is a citizen of Canada. He is currently a lawful permanent resident of the United States, and has been so since August 24, 1964. On November 29, 2012, immigration proceedings were commenced against LeBlanc. The Buffalo, New York Enforcement and Removal Office (ERO), Immigration's Custom's Enforcement (ICE) of the Department of Homeland Security, (DHS), issued a document alleging that LeBlanc was removable from the United States for having been convicted of two or more crimes involving moral turpitude after his admission to the United States.

      The charging document was served on the Immigration Court in Cleveland, Ohio and LeBlanc made several appearances before that court. The charging document alleged that LeBlanc was convicted of the following misdemeanor offenses: 1) June 28, 1974-Attempted Petit Larceny in violation of § 110/155.25 of the New York Penal Law; 2) March 26, 1999-Theft in violation of § 18-4-401(1)(a) of the Colorado Revised Statutes; 3) May 24, 2001-Breaking into a Motor Vehicle

in violation of § 16-13-160(1)(2) of the South Carolina Code of Laws; and 4) September 7, 2011-Possession of Stolen Property in violation of § 2561(b) of the Vermont State Statute. Following a hearing on November 20, 2013, DHS filed a Form I-261 alleging the following additional charges of Inadmissibility/Deportability: 1) May 24, 2001-Receiving Stolen Goods in violation of § 16-3-180(2) of the South Carolina Code of Laws; 2) July 7 2001-Two counts of Larceny/Petit or Simple Larceny in violation of § 16-13-30(a) of the South Carolina Code of Laws; and 3) February 1, 2005-Introducing Misbranded Drugs into Interstate Commerce in violation of 21 U.S.C. § 331(k). DHS alleged that these charges also supported the charge of removability for having been convicted of two or more crimes involving moral turpitude after admission.

On December 18, 2013, the immigration judge issued a written order finding LeBlanc removable from the United States for having been convicted of two crimes involving moral turpitude after admission. LeBlanc was not taken into custody, however, and the case was continued to March 12, 2014, to allow Mr. LeBlanc to file for relief from removal. On March 12, 2012, LeBlanc again appeared pro se before the Cleveland immigration judge. Although he had been convicted of numerous criminal offenses after his admission as a permanent resident, the immigration judge found that he was nonetheless eligible to file for a waiver to cancel his removal from the United States. LeBlanc was provided with an application for cancellation of removal for certain permanent residents. The matter was reset for LeBlanc to file the completed application.

On May 21, LeBlanc returned to an immigration court with his application and the matter was scheduled for a final hearing on October 6, 2015. Prior to the final hearing, however, LeBlanc was arrested in Walworth County, Wisconsin on July 23, 2015, for two counts of Recklessly Endangering Safety and one count of Possession of a Firearm by a Felon. LeBlanc was detained in the Walworth County Jail in Wisconsin based on these charges. After being informed of

2

Case 1:16-cv-00302-WCG   Filed 05/26/16   Page 2 of 5   Document 18

LeBlanc's Wisconsin Arrest, DHS administratively closed the matter, since LeBlanc would be unable to appear for his scheduled October 6, 2016 hearing while in custody in Walworth County.

ERO Milwaukee then reviewed the new charges pending against LeBlanc. The criminal complaint noted that LeBlanc was accused of shooting at a house and garage of a person who lives in Walworth County. The reported victim had stated that LeBlanc had threatened his life on multiple occasions and that the victim continues to fear LeBlanc. Based upon the new charges, ERO Milwaukee determined that LeBlanc no longer merited favorable discretion based on his age and that he would be detained on his release from local authorities. ERO concluded that, not only was LeBlanc subject to mandatory detention under 8 U.S.C. § 1226(c) for having been convicted of two crimes involving moral turpitude, but he was also a danger to the community under 8 U.S.C. § 1226(a) based on his new arrest. Accordingly, ERO Milwaukee issued a detainer with Walworth County on November 16, 2016.

In the meantime, LeBlanc's trial in Walworth County was delayed beyond the time allowed under state law for a person held in custody. As a result of the delay, LeBlanc was released on a signature bond. Thereafter he was transferred to Jefferson County where he faced an additional charge of Possession of a Firearm by a Felon. LeBlanc posted bond in the Jefferson County case on January 23, 2016, and was immediately taken into custody by ICE for continued removal proceedings.

On January 27, 2016, DHS filed a motion to recalendar and change venue with the Cleveland Immigration Court. DHS requested that the matter be transferred to the Chicago, Illinois Detained Immigration Court, which handles cases for individuals in ICE custody in Wisconsin. On March 15, 2016, the Cleveland Immigration Court granted DHS's motion and the matter was recalendared with venue changed to the Chicago Detained Immigration Court. LeBlanc's initial hearing before the Chicago Detained Immigration Court was held on April 8, 2016. On that date

a bond hearing was held and the immigration judge found that LeBlanc was subject to mandatory detention under 8 U.S.C. § 1226(c). LeBlanc reserved appeal from that decision, having in the meantime commenced this action. LeBlanc's final hearing on his application for cancellation of removal is now set for May 26, 2016, before the Chicago Detained Immigration Court. His pending criminal cases in Walworth and Jefferson Counties are unlikely to be resolved before that time. The Walworth County case is currently set for a jury trial on August 8, 2016, and the Jefferson County action has a hearing on a motion to suppress his statement on June 28, 2016. If LeBlanc's immigration case does not go forward on May 26, 2016, and if he is subsequently convicted of the pending criminal charges in Walworth County, he will become statutorily ineligible to seek relief and cancellation of removal because an alien convicted of an aggravated felony cannot apply for cancellation of removal as a matter of law. 8 U.S.C. § 1229b(a)(3).

Based upon the foregoing, I conclude that LeBlanc is not entitled to relief from this Court. Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c), provides that "the Attorney General shall take into custody any alien who" is removable from this Country because he has been convicted of one of a specified set of crimes. This statute applies to aliens who have been convicted of aggravated felonies; two or more crimes involving moral turpitude or one crime involving moral turpitude that resulted in a sentence of at least one year of imprisonment; a controlled-substance offense (other than simple possession of 30 grams or less of marijuana); a firearms offense, espionage, sabotage, treason, or threatening the President, as well as aliens who have engaged in terrorist activities. *See* 8 U.S.C. § 1226(c)(1)(A)-(D); *see also* 8 U.S.C. §§ 1182(a)(2) and (3)(B), 1227(a)(2)(A)-(D), (a)(4)(B). Although ERO initially exercised its discretion and concluded that given his age, LeBlanc could be released, ERO's analysis changed after the new charges were filed in Walworth County. At that point, Immigration concluded that

4

LeBlanc represented a threat to the safety of the community and invoked the mandatory detention provisions of § 1226(c).

In *Denmore v Kim*, 538 U.S. 510 (2003), the Supreme Court upheld a mandatory detention feature of 8 U.S.C. § 1226(c). The plain language of the section and its legislative purpose, the Court held, requires the mandatory detention of certain criminal and terrorist aliens without a bond hearing for the duration of their removal proceedings. LeBlanc has been found removable under this section and remains detained under the authority of Immigration and Naturalization only because he seeks cancellation of his removal. His country of origin, Canada, would undoubtedly accept his return. Thus, he is not in the position of those aliens who challenge the mandatory detention provisions in *Zadvydas v Davis*, 533 U.S. 678 (2001). There the Supreme Court held that detention under 8 U.S.C. § 1231 is presumptively valid for at least six months. Thereafter, however, aliens could not be held if removal was no longer practically attainable. Here there is no reason to believe that removal is not practically attainable once the proceedings are completed. Indeed, Immigration has moved swiftly to schedule a final hearing on LeBlanc's application for cancellation of removal once the criminal proceedings in Walworth County were delayed. Should further delay in his removal proceedings occur, LeBlanc may have a stronger argument for reconsideration of release on bond. At this point, however, the Court concludes that his detention is mandatory and the immigration proceedings have not been unduly delayed. Accordingly, the motion is denied.

Dated this __26th__ day of May, 2016.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court